UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE N. ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:17-cv-00239-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S SOCIAL SECURITY APPEAL BE DISMISSED AS UNTIMELY<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff, referred to herein as "claimant," seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") concluding that he was erroneously paid $20,647 in Social Security retirement benefits while he was a civil detainee held at state expense at the Coalinga State Hospital. The matter is currently before the court on the parties' briefs, which are referred without oral argument to the undersigned Magistrate Judge.[1] Claimant's appeal is untimely, so the undersigned will recommend that the court dismiss the appeal.

I. **BACKGROUND**

In March 1995, Mr. Allen was convicted of two counts of rape in violation of California Penal Code § 261. ECF No. 13-1, Certified Administrative R. ("CAR") 42. In September 2003,

---

[1] On May 22, 2017, the Commissioner declined to consent to the assignment of this case to a U.S. Magistrate Judge for trial and disposition and requested the assignment of this case to a U.S. District Court Judge. ECF No. 11.

1

Mr. Allen was paroled from prison for his rape convictions. *Id.* On September 4, 2003, prior to his release on parole, the Los Angeles County Superior Court ordered that Mr. Allen be detained pending further proceedings under the California Sexually Violent Predator Act ("SVPA")[2] because it was "likely that he would engage in sexually violent behavior if released from the jurisdiction of the Department of Corrections." ECF No. 31-6, Req. for Judicial Notice ("RJN") Ex. 1. On May 25, 2011, the Los Angeles County Superior Court again ordered that Mr. Allen be detained pending further proceedings under the SVPA because it was "likely that [he] will engage in sexually violent criminal conduct[] if released." (ECF No. 31-7, RJN Ex. 2; CAR 42). On February 21, 2018, Mr. Allen was found by a jury to be a sexually violent predator ("SVP") under California Welfare and Institutions Code § 6603. ECF No. 28; ECF No. 31-8, RJN Ex. 3. From the date of his 2003 parole until the present, Mr. Allen has been confined by court order in a public institution at public expense. RJN Ex. 1; RJN Ex. 2; RJN Ex. 3; ECF No. 28; CAR 127-28.

In February 2012, while Mr. Allen was confined under the May 2011 court order, he applied for Social Security retirement benefits. CAR 13-17. From March 2012 until May 2014, he received $20,647 in Social Security payments. CAR 18-24, 27-29. On May 16, 2014, the Social Security Administration ("SSA") notified him that he had been overpaid $20,647 in benefits because he was incarcerated at the time he received the benefits. CAR 10, 21. Mr. Allen challenged that determination, and, on December 9, 2015, an Administrative Law Judge issued a decision concluding that Mr. Allen had been overpaid because, even though he had not yet had a trial pursuant to § 6603, he was nonetheless a sexually-violent-predator civil detainee confined in a public institution at public expense. CAR 7-12.

Mr. Allen requested that the Appeals Council review the ALJ's decision. CAR 3-6; ECF No. 31-2, Chung Decl. ¶ 3(a). On April 8, 2016, the Appeals Council denied Mr. Allen's

---

[2] The SVPA provides a procedural mechanism for the State of California to continue confinement of individuals who have been convicted of certain sexually violent crimes after those individuals would otherwise be released from prison. *See* Cal. Welf. & Inst. Code § 6600(a). Section 6602, providing for an interim, probable-cause hearing prior to a full civil trial, was the statutory authority for plaintiff's initial SVPA confinement. *Id.* § 6602.

request for review of the decision and mailed a copy of its decision to Mr. Allen's address at Coalinga State Hospital. CAR 3-6; ECF No. 31-2, Chung Decl. ¶ 3(a); ECF No. 31-4, Chung Decl. Ex. 2. Mr. Allen alleges that he never received that decision. ECF No. 20, at 5. Instead, he alleges that on November 22, 2016, he received a "recorded call from a Social Security Administration Agent . . . stating that [his] appeal was denied without review in April of 2016." *Id.* at 5-6. Mr. Allen filed this lawsuit on February 17, 2017, some 87 days later. ECF No. 1.

## II. STANDARD OF REVIEW

Congress has provided for limited judicial review of the Commissioner's decisions to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*. Nevertheless, a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *see also Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (requiring that a Commissioner's decision be free of "legal error").

## III. DISCUSSION

The Social Security Act establishes a timetable for obtaining judicial review of administrative decisions:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

3

42 U.S.C. § 405(g).³ This time limitation must be strictly construed. *See Bowen*, 476 U.S. at 479 (citing *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983) ("[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied.")).

The Secretary has promulgated regulations explaining the meaning of "mailing"; the regulations establish that a civil action must be commenced within sixty days of the time when notice "is received by the individual." 20 C.F.R. § 422.210(c). The regulations also establish a rebuttable presumption that "the date of receipt of notice . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.*

"As for rebutting the presumption, it is fairly well-accepted that affidavits that merely state a date of receipt more than five days after the Appeals Council's notice, or allege non-receipt within the five days, are not sufficient, standing alone, to rebut the presumption." *McLaughlin v. Astrue*, 443 F. App'x 571, 574 (1st Cir. 2011); *see, e.g.*, *McCall v. Bowen*, 832 F.2d 862, 864-65 (5th Cir. 1987); *Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988); *Rouse v. Harris,* 482 F. Supp. 766, 768-69 (D.N.J. 1980). "The result is the same when the plaintiff's affidavit offers an explanation for late or failed receipt that is either facially insufficient or unsupported by extrinsic evidence." *Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1357 (S.D. Ala. 2002); *see Rivera v. Sec'y of Health & Human Servs.*, No. 94-15289, 1994 WL 594739, at *1 (9th Cir. 1994) (holding that newspaper articles indicating inclement weather in Virginia around the time of the notice could not overcome the presumption of timely receipt, absent "any evidence showing that weather conditions actually caused a delay in mail service"); *Piscopo v. Sec'y of Health & Human Servs.,* No. 93-2326, 1994 WL 283919, at *4 (1st Cir. 1994) (holding that the plaintiff's habit of not retrieving the contents of her post office box daily was not an adequate excuse for delayed receipt).

---

³ The regulations establish an exception to the sixty-day period: the Appeals Council may extend the time upon a showing of good cause. 20 C.F.R. § 422.210(c). The Appeals Council has not granted an extension in this case.

4

In cases where a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt. *See, e.g.*, *Allen v. Massanari*, No. Civ.A.5:01–CV–015–C, 2001 WL 456240, at *2 (N.D. Tex. 2001) (report and recommendation) (a copy of the decision reflecting a later date than that asserted by the defendant), *adopted*, 2001 WL 513449 (N.D. Tex. 2001); *Ritchie v. Apfel,* No. 98–226–B, 1999 WL 1995198, at *1, 2 (D. Me. 1999) (the affidavit of the defendant's representative confirmed that the defendant did not mail the notice to the most recent address provided by the plaintiff); *Wiggins v. Sullivan,* No. 90-0806 CIV-KING, 1990 WL 29187, at *1 (S.D. Fla. 1990) (report and recommendation) (correspondence and return of summons confirmed that the defendant mailed the notice to the wrong address); *see also Marte v. Apfel,* No. 96 Civ. 9024(LAP), 1998 WL 292358, at *2 ("[A] plaintiff must present some affirmative evidence indicating that actual receipt occurred more than five days after issuance."). Of the numerous cases reviewed, the weakest demonstration deemed to constitute a reasonable showing is found in *Gower v. Shalala,* No. 92–0200–W(S), 1993 WL 737965, at *2-3 (W.D. W.Va. 1993) (holding that the plaintiff's affidavit denying timely receipt, accompanied by a calendar on which the plaintiff "purport[ed] to have contemporaneously recorded the receipt of the notice," constituted a reasonable showing).

In this case, the written notice issued by the Appeals Council denying claimant's request for review of the ALJ's decision was dated April 8, 2016. CAR 3-6; ECF No. 31-2, Chung Decl. ¶ 3(a); ECF No. 31-4, Chung Decl. Ex. 2. Five days after the date of the notice—when receipt is presumed—was April 13, 2016, and sixty days thereafter—the deadline for commencing suit— was June 12, 2016. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). Claimant did not file his complaint until February 17, 2017, ECF No. 1, approximately ten months after the presumed mailing date. Thus, claimant's civil complaint is untimely unless he can make a "reasonable showing" that he did not receive the notice on the presumed mailing date. *See* 20 C.F.R. § 422.210(c).

In claimant's sworn legal brief, he alleges that he never received the written notice. ECF No. 1, at 5. He offers two sentences purporting to explain why he might not have received

5

the notice, despite his having previously received mail from the SSA at the same address: "Mail has been returned to senders without notice to the patients[] why the mail or package are being returned. There were at one time many Allens[] at the hospital, and on occasions appellant has received mail for another Allen in the hospital that was not his." *Id.* at 5-6. Claimant submits no evidence to corroborate his assertions.

Claimant has failed to make the "reasonable showing" required to rebut the presumption that he did not receive written notice on April 13, 2016. *See* 20 C.F.R. § 422.210(c). His uncorroborated assertion is insufficient to show that he did not receive the notice by April 13, 2016 at the address where he had already received correspondence from the SSA. *See McLaughlin*, 443 F. App'x at 574 ("As for rebutting the presumption, it is fairly well-accepted that affidavits that merely state a date of receipt more than five days after the Appeals Council's notice, or allege non-receipt within the five days, are not sufficient, standing alone, to rebut the presumption."). And even if claimant had rebutted the presumption, he admits that he received actual notice on November 22, 2016, ECF No. 20 at 5, making his February 17, 2017 filing of this lawsuit nevertheless untimely.

The sixty-day time limit for obtaining judicial review of the Commisioner's decisions is not jurisdictional, but rather "constitutes a statute of limitations"; it is therefore potentially subject to equitable tolling. *See Bowen*, 476 U.S. at 478; *Vernon*, 811 F.2d at 1277 ("The only jurisdictional requirement of § 405(g) is that there be a 'final' decision of the Secretary after the claim for benefits has been presented to the Secretary . . . ."). The doctrine of equitable tolling, in rare circumstances, may allow a plaintiff to avoid the statute of limitations. *See Supermail Cargo Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221 (2012) (emphasis omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is only warranted where "litigants are unable to file timely documents as a result of external circumstances beyond their direct control." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Harris v. Carter*, 515 F.3d 1051,

1055 (9th Cir. 2008)) (alterations and internal quotation marks omitted). "Generally, equitable circumstances that might toll a limitation period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988). For example, in *Bowen v. City of New York*, 476 U.S. 467 (1986), the Supreme Court applied equitable tolling because plaintiffs were prevented from filing by "the Government's secretive conduct." *Bowen*, 476 U.S. at 467. Likewise, in *Vernon v. Heckler*, 811 F.2d 1274, 1275 (9th Cir. 1987), the court reasoned that equitable tolling was appropriate because the plaintiff had allegedly been told by an employee of the SSA that the deadline would be extended. In contrast, in *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988), the court did not find equitable tolling applicable because the plaintiff was not "unusually disadvantaged in protecting his own interests" despite his being illiterate and unrepresented when he received the letter from the Appeals Council denying his benefits and informing him of his right to file a civil action. *Turner*, 862 F.2d at 709.

Here, claimant has not established that this is a rare case that justifies equitable tolling. Claimant has not presented evidence showing that he was diligent in prosecuting this case. When he allegedly did not hear about his Appeals Council appeal for months, he did not follow up with the SSA. And after claimant concededly learned about the Appeals Council decision in November, he did not appeal for nearly three months, again violating the sixty-day deadline. Claimant does not allege "conduct (by someone other than the claimant) that is misleading or fraudulent," *Turner*, 862 F.2d at 710, or that the government engaged in "secretive conduct," *Bowen*, 476 U.S. at 467. The alleged facts do not establish extraordinary circumstances warranting equitable tolling.[4]

---

[4] Although we do not reach the merits, we note that the underlying claim appears to lack merit. Claimant sought benefits while he was detained on a probable cause finding that he was likely to be an SVP. The Social Security Act prohibits payment of benefits to "certain individuals who are held at public expense in public institutions," including individuals who "immediately upon completion of confinement [in a prison, jail, or other correctional institution] pursuant to conviction of a criminal offense an element of which is sexual activity, [are] confined by court order in an institution at public expense pursuant to a finding that the individual is a sexually dangerous person or a sexual predator or a similar finding . . . ." 42 U.S.C. § 402(x)(1)(A)(iii). Although the probable cause standard is less demanding than the standard of proof applied at a

The Commissioner's decision stands; claimant was overpaid $20,647 in Social Security retirement benefits under section 204(a)(1)(A) of the Social Security Act.

**IV.     FINDINGS AND RECOMMENDATIONS**

Accordingly, the undersigned recommends that this appeal be DISMISSED as untimely. The undersigned submits the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, claimant may file written objections to the findings and recommendations with the court and serve a copy on all parties.  Claimant's objection should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Claimant's failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     October 25, 2018                                    _____
                                                                                  UNITED STATES MAGISTRATE JUDGE

---

trial to determine SVP status conclusively, both a probable cause and trial finding permit civil detention of an individual at public cost.  They would appear to be "similar finding[s]" within the meaning of § 402(x)(1)(A)(iii). Although "similar" is a flexible term, the focus of § 402(x) (entitled "Limitation on Payment to Prisoners, Certain Other Inmates of Publicly Funded Institutions, Fugitives, Probationers, and Parolees") appears to be avoiding the payment of benefits to inmates whose costs of living are already funded by the state. *See Butler v. Apfel*, 144 F.3d 622, 625-26 (9th Cir. 1998) (construing a senator's comments concerning § 402(x) to reflect "a permissible intent to restore taxpayer confidence in the Social Security System by eliminating the *double payment* to maintain prisoners through the prison system and also through the social security system" (emphasis added)); *Washington v. Sec'y of Health and Human Servs.*, 718 F.2d 608, 610 (3d Cir. 1983) (addressing similar provision prohibiting prisoners from receiving disability payments, and noting that "[t]he need for this continuing source of income is clearly absent in the case of an individual who is being maintained at public expense in prison" (quoting S. Rep. No. 96-987 (1980), *as reprinted in* 1980 U.S.C.C.A.N. 4787, 4794-4795)).  In relevant ways, then, a finding of probable cause under Cal. Welf. & Inst. Code § 6602 would appear to be a "similar finding" to a trial finding under Cal. Welf. & Inst. Code § 6603.

9