# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE N. ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:17-cv-00239-DAD-JDP<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S SOCIAL SECURITY APPEAL BE DISMISSED AS UNTIMELY |

Plaintiff, referred to herein as "claimant," seeks judicial review of a final decision by the Commissioner of Social Security concluding that he was erroneously paid $20,647 in Social Security retirement benefits while he was a civil detainee held at state expense at the Coalinga State Hospital. On October 26, 2018, the court issued findings and recommendations that this appeal be dismissed as untimely. ECF No. 34. Those findings and recommendations were served on claimant and contained notice that any objections thereto were to be filed within fourteen days after service. *Id.* at 8. On November 7, 2018, claimant timely filed his objections. ECF No. 35.

In his objections, claimant argues that his appeal was not untimely, pointing to evidence that he had been granted an extension of time by the Appeals Council. Specifically, claimant references a letter from the Appeals Council dated December 8, 2017, granting plaintiff 60 days to file a civil action. ECF No. 32 at 13-14.

1

Even taking into account this letter—which does not appear in the Certified Administrative Record, ECF No. 13-1—claimant's appeal remains presumptively untimely. The letter from the Appeals Council extending claimant's time to file a civil action to review the Commissioner's decision was dated December 8, 2017. ECF No. 32 at 13-14. Five days after the date of the notice—when receipt is presumed—was December 13, 2017, and 60 days thereafter—the deadline for commencing suit—was February 12, 2018.[1] *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). Claimant did not file his complaint until February 17, 2018, ECF No. 1, approximately 66 days after the presumed mailing date.

Claimant may rebut the presumed mailing date by making "a reasonable showing to the contrary." *See* 20 C.F.R. § 422.210(c). In claimant's sworn objections to the findings and recommendations, he alleges that he received the letter granting him the extension on December 17, 2017—four days after the presumed mailing date. ECF No. 1, at 5. Claimant has demonstrated that he has had problems receiving mail, *see* ECF No. 32 at 15 (copy of envelope from Social Security Administration marked as "return to sender"), and, therefore, the court is inclined to accept claimant's assertion that he received the letter four days after the presumed date. However, even if the court were to accept claimant's assertion that he received the 60-day extension on December 17, 2017, claimant's civil complaint would still be untimely. Sixty days after December 17, 2017 is February 15, 2018, but claimant filed this action on February 17, 2017—two days late. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986) (citing *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983) ("[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied.")).

However, we will not dismiss a claimant's appeal as untimely if the defendants have waived their right to a defense of untimeliness. *See Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 687 (9th Cir. 1993) ("[A] district court may *sua sponte* dismiss a complaint as untimely so

---

[1] Sixty days after December 13, 2017 is February 11, 2018, but because February 11, 2018 is a Sunday, the deadline for filing became Monday, February 12. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

long as the defendant has not waived the defense."). Here, in the time since we issued our findings and recommendations, the Commissioner has explicitly waived the statute-of-limitations defense: In her response to plaintiff's objections, the Commissioner stated that she "withdraws the argument that plaintiff's suit was untimely . . . [and] submits that the question of whether the case should be dismissed on the merits is ripe for the Court to review at this time." ECF No. 36 at 3. Given this development, the court will vacate our original findings and recommendations. The court will grant the Commissioner's request to decide this case on the merits and issue new findings and recommendations.[2]

Accordingly,

1. The October 26, 2018 findings and recommendations issued by the court, ECF No. 34, are vacated.
2. The court grants the Commissioner's request to decide this case on the merits.

IT IS SO ORDERED.

Dated:   January 4, 2019                          _____
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The parties have fully briefed the merits issue.